UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 --------------------------------------------------------------x

DIGITAL SIN, INC.                                    No. 12-cv-3873 (JMF)
21345 Lassen St.
Chatsworth, CA 91311,

                            Plaintiff,

              -against-

DOES 1-27,

                            Defendants.

 --------------------------------------------------------------x


**DEFENDANT DOE NO. 1'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF HIS MOTION FOR AN ORDER
DISMISSING THE COMPLAINT AND QUASHING SUBPOENAS ON
<u>THE GROUND THAT THE COMPLAINT FAILS TO STATE A CLAIM</u>**


                              RAY BECKERMAN, P.C.
                              Attorneys for defendant Doe No. 1
                              108-18 Queens Blvd., 4th Floor
                              Forest Hills, NY 11375
                              (718) 544-3434

*Of Counsel*:
Ray Beckerman
Morlan Ty Rogers

## **REPLY ARGUMENT**

Defendant Doe No. 1 ("Doe 1"), by his attorneys Ray Beckerman, P.C., respectfully submits this reply memorandum of law in further support of his motion for an Order dismissing the complaint herein pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and quashing the subpoenas issued under the Court's June 6, 2012 *ex parte* discovery order seeking disclosure of defendants' identities on the ground that the Complaint herein fails to state a claim, and granting such other and further relief as may be just and proper.

Plaintiff's opposing papers go off on multiple tangents but completely ignore the the gravamen of our motion – that its Complaint fails to state a claim to relief  against Doe 1 and the other defendants "that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). Plaintiff conclusorily alleges that defendants committed copyright infringement but the only pleaded connection to the alleged infringement is that they were subscribers to internet accounts that were assigned IP addresses through which the infringing activity allegedly occurred. Significantly, Plaintiff does not plead any facts supporting an inference that these individuals actually engaged in any infringing activity, and thus lacks a good faith basis for asserting copyright infringement claims against them.

As another court recognized earlier this month, subscribers to internet accounts may be made defendants in these kinds of cases only "on the basis of their allegedly infringing activity, *not due to their status as subscribers of the IP address utilized*." Discount Video Center, Inc. v. Does 1-29, __ F.R.D. __, 2012 WL 3308997 at *5 n. 7 (D. Mass. Aug. 10, 2012) (italics added). Plaintiff's attorney has no answer to this, other than to claim without any evidentiary basis in his unsworn memorandum that "nowadays WiFi are by default password protected." Opposing Memo, p. 1. This unsubstantiated claim, even if true, would not permit a

plausible inference that the subscriber was the infringing individual, as Plaintiff's attorney knows full well.  Earlier this year, he "estimated that 30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyrighted material."  <u>Digital Sin, Inc. v. Does 1-176</u>, 279 F.R.D. 239, 2012 WL 263491 at *3 (S.D.N.Y. Jan. 30, 2012).  (We would estimate that the percentage is even higher.)

Indeed, "[b]ecause it is common today for people to use routers to share one internet connection between multiple computers, the subscriber associated with the IP address may not necessarily be the alleged infringer and instead 'could be the subscriber, a member of his or her family, an employee, invitee, neighbor or interloper.' "  <u>Bubble Gum Productions, LLC v. Does 1-80</u>, 2012 WL 2953309 at *4 (S.D.Fla. Jul. 19, 2012) (quoting <u>In re Bittorrent Adult Film Order & Copyright Infringement Cases</u>, 2012 WL 1570765 at *5 (E.D.N.Y. May 1, 2012)).  Thus, "the assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time."  <u>Next Phase Distribution, Inc. v. Does 1-27</u>, 2012 WL 3117182 (S.D.N.Y. Jul. 31, 2012) (quoting <u>In re Bittorrent</u>, <u>supra</u>, 2012 WL 1570765 at *3).

Plaintiff's attempt to compare this litigation to the "red light camera" traffic enforcement scheme has no relevance whatsoever here.  In the red light camera situation, a state statute expressly imposes liability upon the vehicle's owner on account of the failure of an operator thereof to comply with traffic lights.  <u>See</u> N.Y. Vehicle and Traffic Law § 1111-a.   In contrast, the Copyright Act does not have an analogous provision imposing liability on internet account subscribers for the acts of others.  Moreover, as noted earlier, the Complaint does not plead any basis for holding Doe 1 or the other defendants contributorily liable for the allegedly infringing conduct of others.

Plaintiff's assertion that Doe 1 "seems to allege" that someone else committed the alleged infringement and that this creates a factual issue requiring discovery is meritless.  Our motion neither admits nor denies the Complaint's allegations not because Doe 1 is not innocent of the alleged infringement[1] but because the motion is addressed to the legal sufficiency of the Complaint.  It is Plaintiff's burden to come forth with plausible factual averments that make out a *prima facie* case against the defendants before discovery is warranted.  See Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1950 (2009) (Rule 8 of the Federal Rules of Civil Procedure "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

Plaintiff's claim that Doe 1 lacks standing to challenge the subpoena is a red herring.  Plaintiff disregards the fact that our motion first seeks dismissal of the Complaint for failure to state a claim against him and the other subscribers, and then requests that the subpoenas be quashed as there is no basis for discovery of the defendants' identities once they are no longer defendants.  In such circumstances, the Court can and should quash the subpoenas *sua sponte*.  Digital Sins, Inc. v. John Does 1-245, 2012 WL 1744838 at *6 (S.D.N.Y. May 15, 2012) (quashing *sua sponte* subpoenas seeking identities of dismissed defendants); Patrick Collins, Inc. v. Does 1-45, 12 Civ. 3507 at *4 (S.D.N.Y. Aug. 23, 2012); Patrick Collins, Inc. v. Does 1-23, 2012 WL 1019034 at *6 (E.D. Mich. Mar. 26, 2012).  See also Brown v. City and County of San Francisco, 2011 WL 5025138 at *7 (N.D.Cal. Oct. 20, 2011) ("Plaintiffs are not entitled to discovery where their complaint has been dismissed for failure to state a claim").

---

[1] Doe 1 has advised us that he does not own a computer, has never downloaded, uploaded or traded any movies through the internet, and did not even know what BitTorrent was until we explained it to him, and he executed a declaration to that effect.  In the end, we chose not to submit that declaration because we did not want to introduce unnecessary confusion into the instant Rule 12(b)(6) motion, which examines solely the legal sufficiency and plausibility of the Plaintiff's allegations – a task that Plaintiff is desperate to divert the Court from.

## **CONCLUSION**

Based on the foregoing, the Court should grant the within motion in all respects.

Respectfully submitted,


RAY BECKERMAN, P.C.

By:____s/Morlan Ty Rogers
      Morlan Ty Rogers
Attorneys for defendant Doe No. 1
108-18 Queens Blvd., 4th Floor
Forest Hills, NY 11375
(718) 544-3434


*Of Counsel*:
Ray Beckerman
Morlan Ty Rogers