UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/7/12

------------------------------------------------------------X

DIGITAL SIN, INC.,                                  :
                                                    :
                              Plaintiff,            :
                                                    :
                                                    :        12 Civ. 3873 (JMF)
             -v-                                    :
                                                    :           ORDER
                                                    :
DOES 1-27,                                          :
                                                    :
                              Defendants.           :
------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Digital Sin, Inc. ("Digital Sin") brings this action, alleging copyright and

contributory infringement, against twenty-seven defendants whose identities are unknown to

Digital Sin at this time.  (Compl. ¶¶ 1-2 (Docket No. 1)).  As discussed in an earlier Opinion and

Order, dated June 6, 2012 (the "June 6, 2012 Opinion"), familiarity with which is assumed,

Digital Sin presently identifies each defendant solely by the Internet Protocol ("IP") address

assigned to the defendant by his or her Internet Service Provider ("ISP").  (Compl. ¶ 7, Ex. A).

On the same day it filed the Complaint, Plaintiff filed an *ex parte* motion for expedited discovery

— namely, for leave to serve subpoenas pursuant to Rule 45 of the Federal Rules of Civil

Procedure on various ISPs for information sufficient to identify each defendant, including name,

current and permanent address, e-mail address, and Media Access Control address.  (Pl.'s Mot.

(Docket No. 3)).  In the June 6, 2012 Opinion, the Court granted Plaintiff's motion subject to a

protective order.  (Docket No. 6).  On August 17, 2012, apparently after a subpoena was served

on him by the relevant ISP, John Doe 1 filed a Motion to Dismiss the Complaint and Quash the

Subpoena on the ground that the Complaint fails to state a claim.  (Docket No. 9).

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, a plaintiff must generally plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant acted unlawfully." *Id.* A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Further, if the plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

Defendant John Doe 1 moves to dismiss the complaint — and, by extension, to quash the subpoena — on the ground that because Plaintiff is only able to state that Doe 1's IP address participated in the relevant BitTorrent "swarm," without alleging more specific facts of Doe 1's personal involvement, the Complaint fails to state a sufficiently "plausible" claim. (Def.'s Mem. of Law at 4; Reply Mem. of Law at 2). Defendant further argues that with the increasing use of internet routers, especially wireless routers, there are often many different individuals using the same IP address, further decreasing the chances that Doe 1 is the infringing party and thus increasing the speculative nature of Plaintiff's complaint. (Def.'s Mem. of Law at 6).

Contrary to Doe 1's assertions however, the Complaint is not "utterly speculative," but rather states a *prima facie* case of copyright infringement using an IP address that was, at the time of the alleged infringement, assigned to Doe 1. Although Doe 1 may ultimately be able to present evidence that he or she is not the person who committed the alleged infringement, that is a factual issue that can be further explored in discovery and ultimately tested at trial, if

2

appropriate.  To dismiss the case on the basis of a general denial of liability at this stage of the proceedings, when the Doe Defendants' identities are still unknown, "would deny the plaintiff access to the information critical to bringing these individuals properly into the lawsuit to address the merits of both the plaintiff's claim and their defenses." *Voltage Pictures, LLC v. Does 1-5000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011); *cf. OpenMind Solutions, Inc. v. Does 1-39*, C 11-3311 MEJ, 2011 WL 3740714, at *3 (N.D. Cal. Aug. 23, 2011) (finding that a similar complaint would be sufficient to survive a Rule 12(b)(6) motion to dismiss).  For the purposes of a motion to dismiss pursuant to Rule 12(b)(6), Plaintiff has certainly alleged more than a "sheer possibility" that Doe 1 acted unlawfully — it has specifically alleged that the person using the IP address assigned at the time to Doe 1 committed copyright infringement.  No more is required at this stage of the proceedings.  Accordingly, Doe 1's motion to dismiss and quash is DENIED.

The Clerk of Court is directed to terminate the motion.  (Docket No. 9).  In addition, Plaintiff is ordered to submit a letter to the Court, **no later than November 16, 2012**, and no longer than three pages in length, updating the Court on the progress of this case, including the status of service on all Doe Defendants.

SO ORDERED.

Dated: November 7, 2012
New York, New York

JESSE M. FURMAN
United States District Judge

3