UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIGITAL SIN, INC. )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DOES 1 – 27 )<br>)<br>    Defendants. ) | Civil Action No. 12-cv-03873-JMF<br><br>ECF CASE |

**PLAINTIFF'S STATUS REPORT PURSUANT TO THE COURT'S ORDER OF NOVEMBER 7, 2012**

Plaintiff filed a Complaint against John Does who have traded the same identical file of Plaintiff's copyrighted work without authorization through a file-swapping network ("Peer-to-Peer" or "P2P" network).

On November 7, 2012, the Court issued an order, requesting Plaintiff to provide a Status Report by November 16, 2012, "… no longer than three pages in length, updating the Court on the progress of this case, including the status of service on all Doe Defendants."

The current status of the case as of today is:

(i)    Plaintiff filed the Complaint on May 15, 2012.

(ii)    Pursuant to the Court's Order of September 24, 2012, Plaintiff must serve summons on the Defendant(s) by December 24, 2012.

(iii)    Plaintiff had received information from the internet service providers for 3 of the 27 John Does as of November 11, 2012, and has resolved the matter with those three John Does. Plaintiff received information on 13 additional John Does on November 12, 2012.

    (iv)    Plaintiff is in active settlement negotiations with the attorney for John Doe 1, and the Parties have exchanged settlement offers.

    (v)    The reasons for the discovery delays include: The ISPs are unable to immediately notify the John Does because they must first research the records. Once the records are identified and the ISP notifies the John Does, the 60-day period begins. Therefore, such discovery is a slow process;

    (vi)    Plaintiff expects to name and serve an individual John Doe in this case by December 24, 2012, in compliance with the Court's Order of September 24, 2012.

In light of the controversies surrounding certain pending copyright cases, Counsel for Plaintiff would like to note:

(a) Plaintiff does not object to allowing defendants to litigate the matter anonymously for any pre-answer motions, such as Motions to Quash;

(b) Plaintiff's counsel never initiates contact with John Does by telephone;

(c) Plaintiff's counsel personally answers the phone calls and emails from John Does and their legal counsel;

(d) Plaintiff's counsel understands the John Does' needs for privacy, and thus does not require John Does wishing to resolve the matter to disclose their identity;

(e) All dismissals of John Does are not by name, but only by Doe Number and IP address;

(f) Plaintiff's counsel is not related to any law firms that may have represented Plaintiff elsewhere or in the past. *In fact, Plaintiff's counsel is not related to, or working through, any other law firm* in these matters;

(g) The underlying tracking data in this case was produced by a U.S.-based software company, Copyright Enforcement Group (CEG), as explained in detail in the Technology Declaration submitted with the Complaint; and

(h) The data only (i) includes trades of the identical file of the motion (as identified by the *hash mark*) and is limited in (ii) geographic range and (iii) time period of file trading, as much as technologically possible.

Respectfully submitted this 13th day of November, 2012.

FOR THE PLAINTIFF:

By:   /s/ Mike Meier
Mike Meier (NY9295)
The Copyright Law Group, PLLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Phone: (888) 407-6770
Fax: (703) 546-4990
Email:
mike.meier.esq@copyrightdefenselawyer.com
ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on 13 November 2012, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system.

By:   /s/ Mike Meier
        Mike Meier (NY9295)
        The Copyright Law Group, PLLC
        4000 Legato Road, Suite 1100
        Fairfax, VA 22033
        Phone: (888) 407-6770
        Fax: (703) 546-4990
        Email:
        mike.meier.esq@copyrightdefenselawyer.com

        ATTORNEY FOR PLAINTIFF